March 5, 1906.

———o———

No. 3791.

Court of Appeal, Parish of Orleans.

SUCCESSION OF JOSEPH DAVIS.

The homestead claim of the widow and minor children left in necessitous circumstances, as set forth in Article 3252 of the Revised Civil Code of 1870, is superior to all the general privileges set forth in Article 3254 of that Code.

Appeal from the Civil District Court, Division "D."

R. J. Maloney, for Appellant.

J. H. Ferguson, Woodville & Woodville, for Appellee.

DUFOUR, J. This cause was before us last term, and in our

decree we affirmed the judgment of the lower Court, sustaining the will and reserving all the rights of widow Josephine Davis who had sued to annul the will.

Upon the return of the cause to the district Court, the only asset of the Succession, a piece of real estate, was sold and an account was filed by the executor who was appointed by the necessitous widow claiming first privilege for $1000.

The appellant states that "the question at issue in this case presents only one feature, and that is whether or not Robert J. Maloney, who acted as counsel for the executor herein, is entitled to his attorney's fees in preference to the claim of the widow of the decedent?"

He cites as authority for his claim the following from Suc. of Neguelona 52 An. 1495.

"In case a single piece of real estate is the only asset of the succession, and it is burdened with a vendor's lien and mortgage, the administratrix will be entitled to charge the fees of her attorney, and pay same from the proceeds of sale, in case no executory proceedings have commenced in the foreclosure of the mortgage of the vendor."

In that case there was no claim by a necessitous widow and the mortgage creditors neither opposed an administration nor inaugurated executory proceedings for the foreclosure of the vendor's mortgage.

Art. 3254, giving the order in which privileges are to paid mentions in the number "law charges" and adds that "the thousand dollars secured by law to the widow or minor children, as set forth in Art. 3252, shall be paid in preference to all other debts, except those for the vendor's privileges and expenses incurred in selling the property."

In Suc. of Campbell decided January 2d, 1906, the Supreme Court said:

"The words" all other debts "are in themselves broad enough to cover the debts which the article says shall be paid in a certain order of preference, and their application to privilege debts is shown by the exception of vendor's privilege and expenses of sale. To hold that the words" all other debts "do

244

not include the debts specified in Art. 3254, would be to subordinate the claim of the widow and minors not only to funeral expenses, law charges and expenses of last illness, but to wages of servants, supplies òf provisions, and salaries of clerks, secretaries and others of that nature, and as special privileges as a general rule prime general privileges, the claim of the widow and minors would be under such construction, reduced to a mere priority over ordinary creditors. It seems evident from the words" all other debts "include *all* privileged debts or none at all. That all such debts were intended is shown by the special exception of two classes of privileged debts. The general rule must necessarily include things of the same class as these excepted from its operation." It follows that the fees of the administrator's attorney, which is a law charge, must be subordinated to the widow's claim.

Judgment affirmed.

March 5, 1906.

Rehearing refused April 2, 1906.

Writ refused May 12, 1906.